# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

## STATESBORO DIVISION

| | | |
|---|---|---|
| DONNIE D. RUSHING, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV607-084 |
| | ) | [underlying CR605-038] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Donnie Rushing has moved to vacate, set aside, or correct his federal

prison sentence under 28 U.S.C. § 2255. (Doc. 1.)[1] The government has

responded in opposition to the motion. (Doc. 3.)

## I.    BACKGROUND

On December 8, 2005, a federal grand jury indicted Rushing on one

count of conspiracy, nine counts of bank fraud, three counts of money

laundering, and one count of making false statements to a federally insured

---

[1] Unless otherwise noted, citations are to the docket in movant's civil case, CV607-084. "Cr. Doc." refers to documents filed under movant's criminal case, CR605-038.

institution.  (Cr. Doc. 1.)   A superseding indictment, entered on May 9,

2006, charged him with one count of conspiracy, eight counts of bank fraud,

four counts of money laundering, one count of making false statements to

a federally insured institution, and one count of witness tampering.  (Cr.

Doc. 43.)  Movant entered a negotiated plea of guilty to count two of the

superseding indictment, which charged him with bank fraud in violation of

18 U.S.C. § 1344.  (Cr. Docs. 53, 58.)  On October 24, 2006, movant was

sentenced to thirty-two months' imprisonment and five years' supervised

release. (Cr. Doc. 59.)   He was assessed $100 and was ordered to pay

$175,210.57 in restitution.  (Id.)

Movant appealed on November 6, 2006.  (Cr. Doc. 61.)  On May 14,

2007, the Eleventh Circuit affirmed his conviction and sentence.  United

States v. Rushing, 224 F. App'x 938 (11th Cir. 2007).

Movant is currently incarcerated at the Federal Correctional

Institution in Jesup, Georgia.  (Doc. 3 at 6.)  His timely 28 U.S.C. § 2255

motion was filed on December 5, 2007, asserting the following grounds for

relief:

(1)     counsel was ineffective for failing to present to the sentencing judge evidence that amount of the loss listed in count two of the indictment had already been repaid;

(2)     the prosecution committed misconduct by failing to present to the sentencing judge that the amount of the loss listed in count two of the indictment had been repaid;

(3)     counsel was ineffective for failing to argue that counts four through nine were real, not fictitious, invoices, so the amount of loss for sentencing purposes should have been lower; and

(4)     the prosecution committed misconduct by failing to present documents to the sentencing judge that would have shown the allegations in counts four through nine of the indictment were real transactions that should not have been used in the total computation of loss.

(Doc. 1.) The government responded in opposition to Rushing's motion on January 7, 2008. (Doc. 3.)


## II.    ANALYSIS

Though movant alleges ineffective assistance of counsel and prosecutorial misconduct, his essential dispute is with the sentencing judge's application of the sentencing guidelines in his case. Generally, attacks on the application of the sentencing guidelines are not cognizable under § 2255. "[N]onconstitutional sentencing errors that have not been

raised on direct appeal have been waived and . . . may not be reviewed by way of 28 U.S.C. § 2255." United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir. 1994); Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995). Similarly, upward departures from the sentencing range are not reviewable under § 2255. United States v. Faubion, 19 F.3d 226, 232 (5th Cir. 1994).

However, to the extent his claims are framed as claims of ineffective assistance of counsel, the claims are cognizable under § 2255. Epps v. United States, 2006 WL 3734177, at *3 (S.D. Ga. Dec. 15, 2006). Additionally, as the prosecutorial misconduct claims are procedurally barred in any event, the Court will analyze those claims as if they sufficiently allege a violation of his right to due process and a fair trial. DiPietro v. United States, No. 06-16155, 2007 WL 2983887, at *2 (11th Cir. Oct. 15, 2007) ("In some cases, prosecutorial misconduct may be so great as to constitute a violation of the Due Process Clause of the Constitution."); Parker v. Head, 244 F.3d 831, 838 (11th Cir. 2001); see Burke v. United States, 152 F.3d 1329, 1331 (11th Cir. 1998) ("nonconstitutional claims can be raised on collateral review only when the alleged error constitutes

a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure").

## A.  Ineffective Assistance of Counsel

### 1.  *Procedural Default*

Movant did not raise any of his grounds for relief at sentencing or on appeal.  In Lynn v. United States, 365 F.3d 1225 (11th Cir. 2004), the Eleventh Circuit explained that "[u]nder the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding."  Id. at 1234.  Movant, however, has framed each ground as a claim of ineffective assistance of counsel in addition to raising them as claims of prosecutorial misconduct.

Claims of ineffective assistance of counsel are not subject to the procedural default rule because such claims generally require consideration of matters that are outside the record on direct appeal.  Compare United States v. Arango, 853 F.2d 818, 823 (11th Cir. 1988), with United States v. Andrews, 953 F.2d 1312, 1327 (11th Cir. 1992).  The Supreme Court has

held that because of the unique aspect of such claims, "an ineffective assistance of counsel claim may be brought in a collateral proceeding under § 2255, whether or not the movant could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003). Thus, the Court is obligated to analyze movant's claims of ineffective assistance of counsel.

2. *Standard of Review in Ineffective Assistance of Counsel Claims*

In Strickland v. Washington, 466 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether a defendant received ineffective assistance of counsel. First, a defendant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. Second, a defendant must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. Id.

Under the first prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. Id. at 690. The movant

carries a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689.

Under the second prong, a movant must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Strickland, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; see also Lightbourne v. Dugger, 829 F.2d 1012, 1022 (11th Cir. 1987); Boykins v. Wainwright, 737 F.2d 1539, 1542 (11th Cir. 1983).

3.    *Both of Movant's Claims Fail under* Strickland

Movant alleges that counsel was ineffective for failing to present to the sentencing judge evidence that (1) the amount of the loss listed in count two of the indictment had already been repaid, and (2) the transactions in counts four through nine of the superseding indictment were real transactions, not fictitious invoices, as alleged by the government. (Doc. 1

at 4-9.) Consequently, he argues that the amount of loss applied under the sentencing guidelines should have been lower, and that the lower guidelines range should have resulted in a lower sentence. (Id.)

Movant, however, stipulated to the total loss amount at his sentencing hearing.[2] (Sentencing Hr'g 5.) He contends that he was under the mistaken impression that the stipulated loss amount would not be applied in setting his sentence (Doc. 1 at 8), but his contention is belied by the record. Counsel stated on the record that he reviewed the PSI with his client. (Sentencing Hr'g at 4-5.) The PSI calculated the probation office's sentencing recommendation based on the stipulated loss amount. (PSI 10-11 at ¶¶ 31-42.) Accordingly, the Court finds that movant's contention is without merit.

Regardless, counsel's decision to adhere to the stipulated loss amount at the sentencing hearing was a tactical decision protected under Strickland, 466 U.S. at 689. See Devier v. Zant, 3 F.3d 1445, 1450 (11th Cir. 1995) (courts give great deference to strategic choices made by defense counsel). Upon reviewing the transcript from the sentencing hearing, it is

---

[2] Movant stipulated that the Presentence Investigation Report (PSI) correctly calculated the loss to the bank at $222,933.95. (PSI 8 at ¶¶ 20, 21, 22.)

clear that counsel hoped to avoid reopening issues related to his prior objections to the PSI. (Sentencing Hr'g 35-38.) Counsel did not want to "beat a dead horse with a stick." (Id. at 41.) Instead of pursuing his original objections to the PSI, he made the tactical decision to seek mercy from the sentencing judge based upon movant's "age, his health, and those type of issues." (Id. at 42.) Regarding counsel's decision to disregard evidence that movant had repaid the amount listed in count two of the indictment, the Sentencing Guidelines merely require a sentencing judge to *consider* the fact of repayment. United States v. Norris, 50 F.3d 959, 961 (11th Cir. 1995) (citing U.S. Sentencing Guidelines Manual § 2F1.1, comment. (n.8(b))).[3] A sentencing judge is not obligated to reduce the total amount of loss by the amount paid. Id. Accordingly, there was little reason for counsel to aggressively argue that certain amounts in the indictment were repaid.

As counsel's decisions are protected as sound trial strategy, movant has failed to overcome the presumption of effective assistance of counsel.

---

[3] U.S. Sentencing Guidelines Manual § 2F1.1 was deleted effective November 1, 2001 and merged with § 2B1.1. As movant's crimes were completed prior to November 1, 2001, ex post facto considerations require the application of the former sections if they produce a lower sentence.

Furthermore, even if the presumption of effective assistance were overcome, movant cannot show prejudice as to either claim under Strickland, 466 U.S. at 694. The sentencing judge departed well above the sentencing guidelines range in determining movant's sentence.[4] After "considering all factors set forth in 18 U.S.C. § 3553(a)," the judge noted that movant's "cunning and devious scheme . . . implicated more than just a bank. It implicated . . . tempting [someone else] with a reward to violate the criminal laws of the United States." (Sentencing Hr'g 43.) The judge went on to state that "[w]e know that there is a maximum of 30 years imprisonment under the plea. And the guidelines are 21 months max. [But,] I find that a [32] month sentence would more likely address [the misconduct of movant]." (Id. at 44.) As the judge determined that the allegedly inflated sentencing range was too low to adequately address movant's conduct, movant simply cannot show a reasonable probability that his sentencing outcome would have been different if the sentencing range had been lower.

---

[4] The Sentencing Guidelines, "formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence." Kimbrough v. United States, No. 06-6330, 2007 WL 4292040, at *14, ___ U.S. ___ (Dec. 10, 2007) (citing United States v. Booker, 543 U.S. 220, 245 (2005)).

## B.   Prosecutorial Misconduct

### 1.   *Procedural Default*

As discussed above, movant's claims of prosecutorial misconduct were not raised at sentencing or on appeal.  Accordingly, they are procedurally defaulted unless movant can establish either (1) cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error, Lynn, 365 F.3d at 1234 (citing Bousley v. United States, 523 U.S. 614, 622 (1998)), or (2) a constitutional error that probably "resulted in the conviction of one who is actually innocent." Id. (citations and quotation marks omitted).  Movant makes no claim of actual innocence, so these grounds for relief are barred unless he can show cause for failing to raise the errors and actual prejudice from those errors.

"[T]o show cause for procedural default, [the movant] must show that some objective factor external to the defense prevented [movant] or his counsel from raising claims on direct appeal and that this factor cannot be fairly attributed to [the movant's] own conduct." Id. at 1235.  "Examples of external impediments which have been found to constitute cause in the procedural default context include 'interference by officials,' 'a showing

that the factual or legal basis for a claim was not reasonably available to counsel,' and 'ineffective assistance of counsel.'" Wise v. Fulcomer, 958 F.2d 30, 34 n.9 (3rd Cir. 1992) (citing McCleskey v. Zant, 499 U.S. 467, 494 (1991)). The only allegations raised by movant that could excuse the procedural default are his claims of ineffective assistance of counsel. As the Court has already determined that counsel performed effectively, movant has shown no cause for excusing his procedural default. Accordingly these claims are barred. Furthermore, even if movant established cause and prejudice for excusing the default, these claims fail on the merits.

2.    *Failure on the Merits*

Movant alleges that the prosecution committed misconduct by failing to present evidence to the sentencing court that would have shown that: (1) the loss alleged in count two of the indictment had been repaid, and (2) the allegations in counts four through nine of the indictment were real transactions that should not have been used in the total computation of loss. (Doc. 1 at 4-9.)

Movant clearly does not understand the prosecution's duties regarding exculpatory evidence. Though the prosecution must produce

certain exculpatory evidence to the defense under <u>Brady v. Maryland</u>, 373

U.S. 83 (1963), it is under no duty to actually present that evidence on

movant's behalf at trial or sentencing. That duty lies with the defense.

The prosecution clearly met its burden under <u>Brady</u>, as it conducted open-

file discovery.[5] (Doc. 3 at 13.) Accordingly, movant's claims are without

merit.

## III. CONCLUSION

Movant has failed to demonstrate that his counsel was ineffective or

that the prosecution committed any misconduct in his criminal case.

Accordingly, movant's § 2255 motion should be **DENIED**.


**SO REPORTED AND RECOMMENDED** this 28Th day of January,

2008.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

_____

[5] Movant's counsel stated at sentencing that "[t]he documentary evidence that I received . . . was over 6,000 pieces of paper. And it has taken a tremendous amount of time on both of us to get through this." (Sentencing Hr'g 42.)